FILED
2021 Apr-05  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

DRAKE MORGAN, on behalf
of himself and on behalf of all others
similarly situated,

     Plaintiff,

v.                                    Case No.:

PREFERRED PRECISION GROUP, LLC
and DAY STAR STAFFING LLC

     Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Drake Morgan, on behalf of himself, the putative classes set forth below, and in the public interest, brings this Class Action Complaint against Preferred Precision Group, LLC ("PPG") and Day Star Staffing LLC ("Day Star"), for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks to hold PPG and Day Star accountable for violating his federally protected privacy rights.

## PRELIMINARY STATEMENT

1. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose. The use of a consumer report for employment purposes only becomes lawful if the consumer

reporting agency and person procuring the report comply with the FCRA's strict requirements.

2.      PPG and Day Star willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

3.      Day Star violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without lawfully disclosing to them that it may obtain their consumer report for employment purposes, before obtaining a copy of their consumer report.

4.      Day Star violated 15 U.S.C. § 1681b(b)(3) by denying employment opportunities to Plaintiff based in part or in whole on the results of Plaintiff's consumer report without first providing him notice, a copy of the report, and a summary of his rights.

5.      Plaintiff asserts FCRA claims against Day Star on behalf of himself and others to whom Day Star did not provide a lawful disclosure prior to procuring their consumer report for employment purposes.

6.      PPG violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes,

without disclosing to them that it may obtain their consumer report for employment purposes, before obtaining a copy of their consumer report.

7.     PPG violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without first obtaining their written authorization.

8.     PPG violated 15 U.S.C. § 1681b(b)(3) by denying employment opportunities to Plaintiff based in part or in whole on the results of Plaintiff's consumer report without first providing him notice, a copy of the report, and a summary of his rights.

9.     Plaintiff asserts FCRA claims against PPG on behalf of himself and a class consisting of consumers pursuant to 15 U.S.C. § 1681b(f)(2), because PPG used and obtained his consumer report without making the certifications required by 15 U.S.C. § 1681e(a).

10.     Plaintiff asserts FCRA claims against PPG on behalf of himself and others to whom PPG did not provide a lawful disclosure and from whom PPG did not obtain written authorization prior to procuring their consumer report for employment purposes.

11.     Plaintiff asserts FCRA claims against PPG and Day Star on behalf of himself and others to whom PPG and Day Star did not provide notice, a copy of their consumer report or summary of rights before taking adverse employment

action against them based in whole or in part on their consumer reports as required by 15 U.S.C. § 1681b(b)(3).

12.    In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "Day Star Background Check Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report obtained by Day Star for employment purposes but to whom Day Star did not first provide a clear and conspicuous disclosure in a document consisting solely of the disclosure in the two years preceding the filing of this action through the date of final judgment.**

13.    In Count II, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "PPG No Disclosure Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report procured by PPG for employment purposes but to whom PPG did not first provide a clear and conspicuous disclosure in a document consisting solely of the disclosure in the five years preceding the filing of this action through the date of final judgment.**

14.    In Count III, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "PPG No Authorization Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report procured by PPG for employment purposes but from whom PPG did not first obtain written authorization to procure their report in the five years preceding the filing of this action through the date of final judgment.**

15.     In Count IV, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(f)(2) on behalf of a "PPG No Certification Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report used or obtained by PPG for employment purposes but for which PPG failed to make the certifications required by 15 U.S.C. 1681e before obtaining and using the report in the five years preceding this filing of this action through the date of final judgment.**

16.     In Count V, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(b)(3) on behalf of a "Day Star Adverse Action Class," defined as:

> **All Day Star job applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in their consumer report, who were not provided notice, a copy of their report and summary of rights in the five years preceding the filing of this action through the date of final judgment.**

17.     In Count VI, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(b)(3) on behalf of a "PPG Adverse Action Class," defined as:

> **All PPG job applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in their consumer report, who were not provided notice, a copy of their report and summary of rights in the five years preceding the filing of this action through the date of final judgment.**

18.     On behalf of himself and the putative classes, Plaintiff seeks statutory

damages, costs and attorneys' fees, and other appropriate relief under the FCRA.

## THE PARTIES

19.     Individual and representative Plaintiff, Drake Morgan ("Plaintiff") is a member of all six putative classes.

20.     Day Star is a staffing agency and user of consumer reports for employment purposes as contemplated by the FCRA, at 15 U.S.C. § 1681b.

21.     PPG is a manufacturing company and user of consumer reports form employment purposes as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## JURISDICTION AND VENUE

22.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

23.     Venue is proper in the United States District Court for the Northern District of Alabama, Anniston Division, because the underlying events occurred in Calhoun County, Alabama.

### FCRA Requirements for Procuring
### Employment-Purposed Consumer Reports

24.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes unless certain requirements are satisfied.  Specifically, in relevant part:

**(2)   Disclosure to Consumer**.

(A)   *In general*. Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report

to be procured, for employment purposes with respect to any consumer, unless -

(i)   *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report *by that person*.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)(emphasis added).

25.   Day Star did not provide consumers a clear and conspicuous disclosure in a document consisting solely of the disclosure before procuring their consumer reports for employment purposes.

26.   Any reasonable staffing agency of Day Star's size and sophistication knows or should know about fundamental FCRA compliance requirements.

27.   Day Star knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i)(ii) by procuring consumer reports or cause consumer reports to be procured on applicants and employees without providing a clear and conspicuous disclosure or obtain lawful authorization ahead of time.

28.   Day Star's conduct is also willful because:

a.   Day Star is a large and sophisticated employer in the staffing industry with access to legal advice through its own attorneys

7

and there is no evidence it determined its own conduct was lawful;

b.   Day Star knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

c.   Day Star voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

29.   The Day Star disclosure did not disclose Day Star intended to cause a third party to procure his consumer report.

30.   PPG did not provide consumers a clear and conspicuous disclosure in a document consisting solely of the disclosure before procuring their consumer reports for employment purposes.

31.   PPG did not obtain consumers' written authorization to cause a third party to procure their consumer report before procuring their consumer reports for employment purposes.

32.   Providing notice to consumers is a critical component of the FCRA, evidenced by the fact the FCRA also contains several other notice provisions, including 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action).[1]

---

[1] *See, e.g.* 15 U.S.C. § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and § 1681m(a) (notice of adverse action).

33.     The     purpose     of     FCRA     notice     provisions,     including     §
1681b(b)(2)(A)(i), is to put consumers on notice that their consumer report is being
procured for employment purposes and who is procuring it.  This gives consumers
the  opportunity  to  exercise  substantive  rights  conferred  by  the  FCRA  or  other
statutes,  allowing  consumers  to  decide  who  accesses  their  personal,  sensitive
information.

34.     Without  clear  notice  as  to  who  is  obtaining  and  accessing  their
personal,  sensitive  information,  applicants  and  employees  are  deprived  of  the
opportunity to make informed decisions, assert protected rights, or maintain control
over  their  personal  information.    Control  over  one's  personal  and  private
information is a fundamental right dating back to English common law.

35.     PPG  knowingly  and  recklessly  disregarded  case  law  and  regulatory
guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer
reports  on  applicants  and  employees  without  first  providing  a  disclosure  or
obtaining their written authorization ahead of time.

36.     PPG's conduct is also willful because:

   a.     PPG is a large and sophisticated employer with access to legal
          advice  through  its  own  attorneys  and  there  is  no  evidence  it
          determined its own conduct was lawful;

   b.     PPG  knew  or  had  reason  to  know  that  its  conduct  was
          inconsistent  with  published  FCRA  guidance  interpreting  the
          FCRA, case law and the plain language of the statute; and

c.   PPG voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

37.   PPG acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other "No Disclosure" and the "No Authorization" class members.

38.   The FCRA, 15 U.S.C. § 1681b(f)(2), prohibits a person from obtaining or using a consumer report for any purpose unless it first identifies itself and certifies the purpose of its use to the consumer reporting agency providing the report in accordance with 15 U.S.C. §1681(e).

39.   PPG obtained and used Plaintiff's consumer report for an employment purpose but failed to first identify itself or certify the purpose of its use to the consumer reporting agency from whom the report was procured.  Consequently, PPG had no legal basis to access Plaintiff's consumer report.

40.   The FCRA states "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

41.   PPG and Day Star violated 15 U.S.C. § 1681b(b)(3)(A), which requires that all employers who use consumer reports provide notice, a copy of the

report, and summary of rights to the affected consumer before any adverse action is taken.

42.     By failing to provide Plaintiff and other putative class members with the information required by 15 U.S.C. § 1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, PPG and Day Star willfully disregarded unambiguous regulatory guidance and the plain language of the statute.  15 U.S.C. § 1681b(b)(3)(A).

### Facts Supporting Plaintiff's Claims

43.     In November 2020, Plaintiff applied for employment with PPG in Pell City, Alabama.

44.     Plaintiff received a purported FCRA disclosure titled "Day Star Staffing Solutions Authorization." (See Exhibit "A" – *Day Star Authorization*).

45.     Plaintiff did not understand he was authorizing Day Star to obtain his consumer report for employment purposes because the *Day Star Authorization* did not contain did not clearly and conspicuously disclose Day Star would procure his consumer report. *Id*.

46.     Plaintiff did not understand that by executing the Day Star Authorization he was authorizing PPG to obtain his consumer report for employment purposes because the *Day Star Authorization* did not contain did not

clearly and conspicuously disclose Day Star would cause a third party to procure his consumer report. *Id*.

47.     The *Day Star Authorization* was not clear because it did not notify applicants that Day Star was obtaining a consumer report for employment purposes from a consumer reporting agency.

48.     The *Day Star Authorization* was not clear because it did not clearly and conspicuously state Day Star would cause a third party to obtain Plaintiff's consumer report.

49.     Plaintiff would not have permitted Day Star to obtain his consumer report.

50.     The *Day Star Authorization* was not conspicuous because any purported notice regarding background checks was obfuscated by extraneous and irrelevant information, including:

- A paragraph requiring applicants to certify the truthfulness and accuracy of the information on their application;

- A recitation of Day Star's policies on drugs and alcohol while "employed on the premises of KY Hospitality or any client employer site."

- An authorization for former employers, schools and references to discuss employment, attendance and grades.

- A consent to pre-employment drug screen, for [Day Star] to conduct a background investigation and reference check and an agreement to pay Day Star for conducting a drug screen and Background Charge.

51.     The same day he applied, Plaintiff was extended an offer of employment.  Plaintiff reported for employment at PPG the next day.

52.     Plaintiff worked a full shift and was praised for his performance.

53.     The next day, Plaintiff received a phone call from PPG informing him his employment terminated due to his background check.

54.     Plaintiff was not provided notice, a copy of his background check or a summary of his FCRA rights prior to being terminated.  As a result, Plaintiff never saw what was on his consumer report and didn't know whether it was in fact accurate.

55.     Ultimately, Plaintiff obtained a copy of the consumer report.  Plaintiff was shocked to discover Day Star and PPG had obtained his consumer report from a consumer reporting agency.

56.     Day Star did not disclose to Plaintiff it intended to procure his consumer report from a consumer reporting agency.

57.     Day Star did not disclose to Plaintiff it would cause a third party to procure his consumer report.

58.    PPG did not disclose to Plaintiff it intended to procure his consumer report from a consumer reporting agency.

59.    Plaintiff did not authorize Day Star to obtain his consumer report from a consumer reporting agency.

60.    Plaintiff did not authorize PPG to obtain his consumer report from a consumer reporting agency.

61.    PPG never obtained Plaintiff's written authorization to procure his consumer report for employment purposes.

62.    Plaintiff values his privacy and would not have authorized PPG to obtain his consumer report without his consent.

63.    Plaintiff values his privacy rights and would not have consented to PPG obtaining his personal and sensitive information without his knowledge.

64.    Plaintiff would not have authorized PPG to obtain his consumer report if he knew it was being obtained illegally and would be used to deny him employment.

65.    Plaintiff would not have authorized Day Star to obtain his consumer report if he knew it was being obtained illegally and would be used to deny him employment.

66.     If Plaintiff had not hired an attorney to obtain a copy of his consumer report, Plaintiff would have never known PPG and Day Star obtained his consumer report and was in possession of his personal and sensitive information.

67.     If PPG had complied with 15 U.S.C. § 1681b(f)(2), PPG never would have illegally obtained Plaintiff's consumer report or had access to Plaintiff's personal, sensitive information.

68.     If PPG had complied with 15 U.S.C. § 1681b(f)(2), the consumer reporting agency would have required PPG to implement the disclosure, written authorization and notice requirements of the FCRA.  Plaintiff would have received notice, a lawful disclosure, been required to provide written authorization and would have reviewed a copy of his consumer report and summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A) before being subjected to an adverse employment action.

## CLASS ACTION ALLEGATIONS

69.     In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "Day Star Background Check Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report obtained by Day Star for employment purposes but to whom Day Star did not first provide a clear and conspicuous disclosure in a document consisting solely of the disclosure in the two years preceding the filing of this action through the date of final judgment.**

70.    In Count II, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(b)(2)(A)(i) on behalf of a "PPG No Disclosure Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report procured by PPG for employment purposes but to whom PPG did not first provide a clear and conspicuous disclosure in a document consisting solely of the disclosure in the five years preceding the filing of this action through the date of final judgment.**

71.    In Count III, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(b)(2)(A)(ii) on behalf of a "PPG No Authorization Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report procured by PPG for employment purposes but from whom PPG did not first obtain written authorization to procure their report in the five years preceding the filing of this action through the date of final judgment.**

72.    In Count IV, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(f)(2) on behalf of a "PPG No Certification Class" consisting of:

> **All job applicants and employees in the United States subject of a consumer report used or obtained by PPG for employment purposes but for which PPG failed to make the certifications required by 15 U.S.C. 1681e before obtaining and using the report in the five years preceding this filing of this action through the date of final judgment.**

73.    In Count V, Plaintiff asserts a FCRA claim under 15 U.S.C. §

1681b(b)(3) on behalf of a "Day Star Adverse Action Class," defined as:

> **All Day Star job applicants and employees in the United States against whom adverse employment action was taken,**

16

**based, in whole or in part, on information contained in their consumer report, who were not provided notice, a copy of their report and summary of rights in the five years preceding the filing of this action through the date of final judgment.**

74.    In Count VI, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3) on behalf of a "PPG Adverse Action Class," defined as:

**All PPG job applicants and employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in their consumer report, who were not provided notice, a copy of their report and summary of rights in the five years preceding the filing of this action through the date of final judgment.**

75.    <u>Numerosity</u>: The members of the putative Day Star Background Check, PPG No Disclosure, PPG No Authorization, PPG No Certification and Day Star and PPG Adverse Action classes are so numerous that joinder of all Class members is impracticable.    PPG and Day Star regularly obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, in the hiring process.    Plaintiff is informed and believes that during the relevant time period there are hundreds if not thousands of consumers that satisfy the definition of the putative classes.

76.    <u>Typicality</u>:  Plaintiff's claims are typical of those of the members of the putative classes, in that Day Star obtained his consumer report for employment

purposes without providing him a clear and conspicuous disclosure before procuring his consumer report. Additionally, PPG obtained Plaintiff's consumer report without first providing him a disclosure or obtaining his written authorization, and denied employment to Plaintiff based on the contents of such consumer report. Plaintiff never received pre-adverse action notice, a copy of his consumer report or summary of rights. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the putative classes.

77.   Adequacy:  Plaintiff is a member of and will fairly and adequately protect the interests of the putative classes, and has retained counsel experienced in FCRA class action litigation.

78.   Commonality:  Common questions of law and fact exist as to all members of the putative classes, and predominate over any questions solely affecting individual members of the putative classes. These common questions include, but are not limited to:

>    a.    whether PPG and Day Star procured consumer reports for employment purposes without making the FCRA-required disclosures;
>
>    b.    whether PPG procured consumer reports for employment purposes without first obtaining consumers' written authorization;
>
>    c.    whether PPG and Day Star violated the FCRA by procuring consumers reports without a permissible purpose;

      d.      whether PPG and Day Star's failure to provide disclosures or obtain consumer's written authorizations prior to obtaining consumer reports for employment purposes was willful;

      e.      whether PPG illegally accessed consumer reports;

      f.      whether PPG's failure to make the required certification prior to accessing consumer reports was willful;

      g.      whether PPG and Day Star's failure to provide Plaintiff with pre-adverse action notice, a copy of his consumer report or summary of rights before taking an adverse employment action against him based in whole or in part on his consumer report was willful; and

      h.      the proper measure of statutory damages and attorneys' fees.

79.    This case is maintainable as a class action because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for PPG and Day Star.  Further, adjudication of each individual class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

80.    This case is also maintainable as a class action because PPG and Day Star acted or refused to act on grounds that apply generally to the putative classes.

81.    Class certification is also appropriate because questions of law and fact common to the putative classes predominate over any questions affecting only

individual members of the putative classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  PPG and Day Star's conduct, which is described herein, stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the putative classes do not have an interest in pursuing separate, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.  Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning PPG and Day Star' practices.  Moreover, management of this action as a class action will not present any foreseeable difficulties.  In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

82.    Plaintiff intends to send notice to all members of the putative classes to the extent required by Federal Rules of Civil Procedure 23.  The names and addresses of the putative class members are readily available from PPG and Day Star and records maintained by third parties.

## <u>COUNT I</u>
### Failure to Make Proper Disclosure in
### Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(i)
### (Against Day Star)

83.    Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 43-67.

84.    Day Star obtained Plaintiff's consumer report but failed to provide a clear and conspicuous disclosure in a document consisting solely of the disclosure prior to procuring Plaintiff's consumer report.

### *Plaintiff's Concrete Injury: Informational Injury*

85.    Plaintiff suffered a concrete informational injury because Day Star failed to provide Plaintiff with information to which he was entitled to by statute, namely a lawful disclosure form.  Through the FCRA, Congress created a new right – the right to receive a disclosure as set out in the FCRA – and a new injury – not receiving a disclosure.

86.    Pursuant to § 1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a clear and conspicuous disclosure, in document consisting solely of the disclosure, that a consumer report may be procured for employment purposes.  Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured.  By depriving Plaintiff of this information, Day Star injured Plaintiff and the putative class members he seeks to represent.

87.     Day Star violated the FCRA by procuring consumer reports on Plaintiff and other putative class members without making the required disclosures before Day Star actually procured consumer reports.   The required disclosures were not made, causing Plaintiff an informational injury.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

88.     Day Star invaded Plaintiff's right to privacy.   Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

89.     The FCRA created a statutory cause of action akin to invasion of privacy and intrusion upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.   Day Star invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without any legal basis to do so.

90.     The foregoing violations were willful.   At the time Day Star violated 15 U.S.C. § 1681b(b)(2)(A)(i), Day Star knew it was required to provide a clear and conspicuous disclosure prior to obtaining Plaintiff's consumer report.   A plethora of authority, including both case law and FTC opinions, existed at the

time of Day Star's violations on this very issue.  Day Star's willful conduct is also reflected by, among other things, the following facts:

    a.    Day Star is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.    Day Star knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.    Day Star voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

91.    Plaintiff and the Day Star Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

92.    Plaintiff and the Day Star Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

    a.    determining that this action may proceed as a class action;

b.      designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

c.      issuing proper notice to the putative class at Day Star's expense;

d.      awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.      awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT II
### Failure to Make Proper Disclosure
### in Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(i)
### (Against PPG)

93.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 43-67.

94.     PPG violated the FCRA by procuring consumer reports relating to Plaintiff and other PPG No Disclosure Class members without first providing a disclosure.

### *Plaintiff's Concrete Injury: Informational Injury*

95.     Plaintiff suffered a concrete informational injury when PPG circumvented the FCRA's disclosure requirement.  When PPG obtained Plaintiff's consumer report without disclosing it intent to procure a consumer report, Plaintiff suffered informational injury in that he lost control over the dissemination of his

personal and sensitive information – a right Congress intended for him to have through the FCRA.

96.   PPG violated the FCRA by procuring consumer reports on Plaintiff and other No Disclosure Class members without first providing them a clear and conspicuous disclosure as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

97.   PPG's failure to provide a disclosure created a risk of harm that Plaintiff and members of the putative No Disclosure Class would never know their personal and sensitive information was accessed, disseminated, and possessed by PPG.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

98.   Additionally, PPG invaded Plaintiff's right to privacy and intruded upon his seclusion.  Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in subsections 15 U.S.C. §§ 1681b(b)(2)(a)(i).

99.   PPG did not provide a disclosure to Plaintiff before obtaining his consumer report for employment purposes.  Therefore, PPG illegally invaded Plaintiff's privacy by accessing his consumer report without his consent, authorization, or a permissible purpose.  The foregoing violations were willful.  At the time PPG violated 15 U.S.C. § 1681b(b)(2)(A)(i) PPG knew that it had to have

written authorization from Plaintiff and the putative class before it was permitted to obtain their consumer reports for employment purposes. A plethora of authority, including both case law, and FTC opinions, existed at the time of PPG's violations on this very issue. PPG's willful conduct is also reflected by, among other things, the following facts:

      a.    PPG is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      b.    PPG knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      c.    PPG voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

100. Plaintiff and the PPG No Disclosure Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

101. Plaintiff and the PPG No Disclosure Class is further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

a.    determining that this action may proceed as a class action;

b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

c.    issuing proper notice to the putative class at PPG's expense;

d.    awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.    awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT III
### Failure to Obtain Authorization in
### Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)
### (Against PPG)

102.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 43-67.

103.    PPG violated the FCRA by procuring consumer reports relating to Plaintiff and other PPG No Authorization class members without first obtaining their written authorization.

### *Plaintiff's Concrete Injury: Informational Injury*

104.    Plaintiff suffered a concrete informational injury when PPG circumvented the FCRA's written authorization requirement. When PPG obtained Plaintiff's consumer report without requiring his written authorization, Plaintiff suffered informational injury in that he lost control over the dissemination of his

personal and sensitive information – a right Congress intended for him to have through the FCRA.

105.   PPG violated the FCRA by procuring consumer reports on Plaintiff and other PPG No Authorization Class members without first obtaining their written authorization as required by 15 U.S.C. § 1681b(b)(2)(A)(ii).

106.   PPG's failure to provide a disclosure and obtain Plaintiff's and the No Authorization Class members' written authorization created a risk of harm that Plaintiff and members of the putative classes would never know their personal and sensitive information was accessed, disseminated, and possessed by PPG.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

107.   Additionally, PPG invaded Plaintiff's right to privacy and intruded upon his seclusion.  Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in subsections 15 U.S.C. §§ 1681b(b)(2)(a)(i)-(ii).

108.   PPG did not first obtain Plaintiff's written authorization before obtaining his consumer report for employment purposes.  Therefore, PPG illegally invaded Plaintiff's privacy by accessing his consumer report without his consent, authorization, or a permissible purpose.  The foregoing violations were willful.  At the time PPG violated 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii), PPG knew that it had to

have written authorization from Plaintiff and the putative class before it was permitted to obtain their consumer reports for employment purposes. A plethora of authority, including both case law, and FTC opinions, existed at the time of PPG's violations on this very issue. PPG's willful conduct is also reflected by, among other things, the following facts:

a.   PPG is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

b.   PPG knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c.   PPG voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

109.   Plaintiff and the PPG No Authorization Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

110.   Plaintiff and the PPG No Authorization Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

a. determining that this action may proceed as a class action;

b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

c. issuing proper notice to the putative class at PPG's expense;

d. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e. awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT IV**
**Illegal Use of Consumer Reports in**
**Violation of 15 U.S.C. § 1681b(f)(2)**
**(Against PPG)**

111. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 43-67.

112. PPG obtained and used Plaintiff's consumer report for employment purposes.

113. PPG obtained and used Plaintiff's consumer report but failed to identify itself or certify the purpose of its use to the consumer reporting agency beforehand, as required by 15 U.S.C. § 1681(e).   Therefore, PPG had no permissible purpose to obtain and access Plaintiff's personal, sensitive information.

***Plaintiff's Concrete Injury: Invasion of Privacy***

114. Additionally, PPG invaded Plaintiff's right to privacy and intruded upon his seclusion.  Under the FCRA, a person may not procure a consumer report,

or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, certify compliance with the FCRA's disclosure, authorization, and notice requirements) pursuant to 15 U.S.C. § 1681b(f)(2).

115. The foregoing violations were willful. PPG acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other PPG No Certification members under 15 U.S.C. § 1681b(f)(2). PPG knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. PPG obtained or otherwise had available substantial written materials that apprised PPG of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

      a.    determining that this action may proceed as a class action;

      b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

      c.    issuing proper notice to the putative class at PPG's expense;

      d.    awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.     awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT V
### Failure to Provide Adverse Action Notice in Violation of FCRA 15 U.S.C. § 1681b(b)(3)(A) (Against Day Star)

116.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 43-67.

117.   Day Star used a consumer report to take adverse employment action against Plaintiff and other members of the Day Star Adverse Action Class.

118.   Day Star violated the FCRA by failing to provide Plaintiff and other Day Star Adverse Action Class members with pre-adverse action notice, a summary of their FCRA rights and a copy of their consumer report before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

119.   The foregoing violations were willful.  Day Star acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Day Star Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).  Day Star knew or should have known of its legal obligations under the FCRA.  These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission.  Day Star obtained or otherwise had available substantial written materials that apprised Day Star of its duties under the FCRA.

Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

120.    Plaintiff suffered a concrete informational injury because Day Star failed to provide Plaintiff with information to which he was entitled to by statute, namely pre-adverse action notice, before adverse action was taken.  This notice should have included all information prescribed by § 1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under § 1681g(c)(3) of the FCRA.

121.    Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice.

122.    Day Star's failure to provide timely notice deprived Plaintiff and class members of the opportunity to learn about the information in their consumer report and tell Day Star their side of the story before Day Star took adverse action.  Thus, Plaintiff was denied the opportunity to determine if the information contained in his consumer report was indeed correct, and to understand how it might affect his future efforts to obtain employment.

123.    Plaintiff and the Day Star Adverse Action Class are entitled to statutory damages of one hundred dollars ($100.00) and not more than one

thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2).

124.   Plaintiff and the Day Star Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

a.   determining that this action may proceed as a class action;

b.   designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative classes;

c.   issuing proper notice to the putative classes at Day Star's expense;

d.   awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

## COUNT VI
### Failure to Provide Adverse Action Notice in Violation of FCRA 15 U.S.C. § 1681b(b)(3)(A)
### (Against PPG)

125.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 42-64.

126.   PPG used a consumer report to take adverse employment action against Plaintiff and other members of the PPG Adverse Action Class.

127.   PPG violated the FCRA by failing to provide Plaintiff and other PPG Adverse Action Class members with pre-adverse action notice, a summary of their FCRA rights and a copy of their consumer report before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

128.   The foregoing violations were willful.  PPG acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other PPG Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).  PPG knew or should have known of its legal obligations under the FCRA.  These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission.  PPG obtained or otherwise had available substantial written materials that apprised PPG of its duties under the FCRA.  Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

129.   Plaintiff suffered a concrete informational injury because PPG failed to provide Plaintiff with information to which he was entitled to by statute, namely pre-adverse action notice, before adverse action was taken.  This notice should have included all information prescribed by § 1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under § 1681g(c)(3) of the FCRA.

130.   Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice.

131.   PPG's failure to provide timely notice deprived Plaintiff and class members of the opportunity to learn about the information in their consumer report and tell PPG their side of the story before PPG took adverse action.  Thus, Plaintiff was denied the opportunity to determine if the information contained in his consumer report was indeed correct, and to understand how it might affect his future efforts to obtain employment.

132.   Plaintiff and the PPG Adverse Action Class are entitled to statutory damages of one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2).

133.   Plaintiff and the PPG Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

      a.    determining that this action may proceed as a class action;

      b.    designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative classes;

c.      issuing proper notice to the putative classes at PPG's expense;

d.      awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

e.      awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative classes demand a trial by jury.

Dated this 5th day of April, 2021.

/s/  *Erby J. Fischer*
ERBY J. FISCHER (asb-2236-f40e)

**OF COUNSEL:**
MORGAN & MORGAN
           BIRMINGHAM, PLLC
2317 3rd Avenue North
Birmingham, AL  35203
P: (659) 204-6364
F: (659) 204-6389
efischer@forthepeople.com

*and*

**MARC R. EDELMAN, ESQ.**
*(Pro Hac Vice forthcoming)*
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone:  813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com
*Attorneys for Plaintiff*